**SIGNED THIS: September 09, 2008**

_____
 GERALD D. FINES
 UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                      )
                                            )
LISA A. FRANKLIN-KIDWELL,                   ) Bankruptcy Case No. 08-90911
                                            )
                 Debtor.                    )

OPINION

This matter having come before the Court on confirmation of Debtor's Chapter 13 Plan of Reorganization and Objection to Chapter 13 Plan filed by Marketview Motors, Inc.; the Court, having heard arguments of counsel and having reviewed written memoranda filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.  The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on May 23, 2008.

2. Among her creditors, the Debtor scheduled Creditor, Marketview Motors, Inc., as a secured creditor holding a valid lien on the Debtor's 2001 Mitsubishi automobile.

3. The Debtor concedes that, pursuant to the "hanging paragraph" under 11 U.S.C. § 1325(a)(9), the debt with Marketview Motors, Inc. was incurred within 910 days of the Debtor's filing for Chapter 13 relief, and, as such, the Debtor must treat Creditor, Marketview Motors, Inc., as fully secured and pay the balance due on the loan with Marketview Motors, Inc.

4. The debt between the Debtor and Marketview Motors, Inc. was incurred on March 8, 2008, which is slightly more than 60 days before the Debtor filed for Chapter 13 relief.

5. Although the Debtor concedes that she must pay the full amount due on the loan with Marketview Motors, Inc., she seeks to pay the loan at the rate of 9% per annum, rather than the contract rate of interest.

6. Secured Creditor, Marketview Motors, Inc., objects to its treatment in the Debtor's Chapter 13 Plan, arguing that the Debtor cannot cram down the interest rate of the loan which was just made on March 8, 2008, and that the Chapter 13 Plan was not filed in good faith within the meaning of 11 U.S.C. § 1325.

## Conclusions of Law

The Objection to confirmation of Marketview Motors, Inc. raises two issues: (1) was the Debtor's Chapter 13 bankruptcy petition filed in good faith within the meaning of 11 U.S.C. § 1325; and (2) can the Debtor cram down the interest rate to a proposed rate of 9% per annum rather than the contract rate of interest under the loan documents executed on March 8, 2008. In arguing the question of good faith, both the Debtor and Creditor, Marketview Motors, Inc., point to Judge Perkins' case of In re Marshall, Case No. 06-81935 (Bankr. C.D. Ill. June 2007), and the case of In re Moore, 24 B.R. 857 (Bankr. N.D. Ill. 1982) cited by Judge Perkins in Marshall. In reviewing the Courts' decisions in Marshall and

Moore, this Court finds that the instant case more resembles the facts of Marshall in that there were numerous other creditors in addition to Creditor, Marketview Motors, Inc., such that the instant case is not a two-party case, as found by the Court in Moore.  Although the Debtor did file for Chapter 13 relief only slightly more than 60 days after making her loan with Marketview Motors, Inc. the Court finds that the Debtor's bankruptcy petition reveals that restructuring her loan with Marketview Motors, Inc. was not the only consideration for the Debtor's Chapter 13 bankruptcy filing.  As such, the Court finds that the Debtor's filing was in good faith.

In addressing the issue of cram down of the interest rate to 9%, rather than the contract rate of interest, the Court finds that the Seventh Circuit has definitively ruled on this issue in In re Wright, 492 F.3d 829 (2007), in holding that the "hanging paragraph," under 11 U.S.C. § 1325(a), knocks out the application of 11 U.S.C. § 506, and, as such, leaves the parties to their contractual entitlements.  Thus, under the ruling in Wright, confirmation of the Debtor's Chapter 13 Plan as proposed must be denied.  In order to obtain confirmation as to Creditor, Marketview Motors, Inc., the Debtor will have to propose a plan which pays Marketview Motors, Inc. under the terms of the original contract executed by the parties.

###